d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DANIEL HERNANDEZ,<br>Petitioner | CIVIL ACTION NO. 1:20-CV-1680-P |
| VERSUS | JUDGE JOSEPH |
| DIANNE WITTE, ET AL.,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is an Emergency Motion for Order to Show Cause (ECF No. 5) filed by counsel. Petitioners are immigration detainees now detained by the Bureau of Immigration and Customs Enforcement ("DHS/ICE") at River Correctional Facility in Ferriday, Louisiana.

The specific relief Petitioners seek – basically, a "show cause order" and a return within three days under 28 U.S.C. § 2243 – is neither mandatory nor reasonable in this case. However, Petitioners are entitled to expedited consideration.

Therefore, Petitioners' Emergency Motion (ECF No. 5) is GRANTED IN PART to the extent it seeks expedited relief and a "show cause" (or evidentiary) proceeding, but DENIED IN PART otherwise. As detailed below, the Court will accept briefs and conduct a hearing on an expedited basis.

I. Background

Yesterday, Petitioners filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). Petitioners filed the Emergency Motion (ECF No. 5) today. In their Motion, Petitioners seek a show cause order requiring the Government to file

a return within three days. Counsel for Petitioners attests that she has already "served" the Emergency Motion upon counsel for Defendants by email. (ECF no. 5 at 3).

II. <u>Law and Analysis</u>

Section 2243 provides, in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

However, the time limit prescribed by § 2243 is "subordinate to the Court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases," which are applicable to petitions filed under § 2241. <u>Maniar v. Warden Pine Prairie Corr. Ctr.</u>, 6:18-CV-00544 SEC P, 2018 WL 4869383, at *1 (W.D. La. May 2, 2018) (Hanna, M.J.).[1] Under Rule 4, a court may "order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." <u>Castillo v. Pratt</u>, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (discretion accorded by Rule 4 of the 2254 Rules "prevails" over the strict time limits of § 2243); <u>Baker v. Middlebrooks</u>, 2008 WL 938725 (N.D. Fla. 2008) (allowing 60 days

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. <u>See</u> <u>Hickey v. Adler</u>, 2008 WL 3835764, *2 (E.D. Cal. 2008); <u>Castillo v. Pratt</u>, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); <u>Wyant v. Edwards</u>, 952 F. Supp. 348 (S.D.W. Va. 1997).

to respond to a § 2241 habeas petition); see also Maniar, 2018 WL 4869383, at *1; McMullen v. Caldwell, 2015 WL 1976402 (M.D. Ga. 2015); Hendon v. Burton, 2014 WL 8186698 (E.D. Mich. 2014); Oliphant v. Quiros, 2010 WL 2011026 (D. Conn. 2010); Hickey v. Adler, 1:08-cv-826, 2008 WL 3835764 (E.D. Cal. 2008) (allowing 60 days to respond to a § 2241 petition).

Here, a three-day time limitation is neither mandatory nor reasonable. Defendants should be allowed a meaningful opportunity to respond. "[A]llowing Respondent[s] time to answer [the] Petition – and conduct[] a full review of all available and pertinent evidence – is warranted, commonplace [in this Court[2] and others], and reasonable under Rule 4." Romero v. Cole, No. 1:16-cv-148, 2016 WL2893709, at *2 & n.4 (W.D. La. Apr. 13, 2016), report and recommendation adopted, 2016 WL 2844013 (W.D. La. May 12, 2016). Defendants will have no such opportunity if the Court ordered a return on December 25, as requested by Petitioners.

Sill, Petitioners' request for expedited consideration can and should be a counterbalance. All Petitioners argue they have strong claims on the merits. And at least some Petitioners claim to have comorbidities that place them at heightened risk of irreparable injury due to the COVID-19 pandemic and allegedly unsafe conditions at the facility. Expedited consideration is thus warranted.

---

[2] Maniar v. Warden Pine Prairie Corr. Ctr., 6:18-cv-544, 2018 WL 4869383 (W.D. La. May 2, 2018); Romero v. Cole, 1:16-cv-00148, 2016 WL 2893709 (W.D. La. Apr. 13, 2016), report and recommendation adopted, 1:16-cv-00148, 2016 WL 2844013 (W.D. La. May 12, 2016).

3

### III. Conclusion

IT IS ORDERED that the Emergency Motion for Order to Show Cause (ECF No. 5) is hereby GRANTED IN PART AND DENIED IN PART in the following respects:

- On or before <u>Tuesday, January 5, 2021</u>, Defendants shall file a Response to the Emergency Motion (ECF No. 5), with all available evidence appended. On or before the same date, Petitioners may also file a supplemental brief, with all available evidence appended.

- On <u>Wednesday, January 6, 2021, at 3:00 p.m.</u>, the Court will conduct a hearing by video conference. The Court will hear argument and accept testimonial or other evidence at the hearing, and will issue a written decision shortly thereafter.

SIGNED on Wednesday, December 23, 2020.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge